**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

       v.                                    **10-CR-188**

**JAVIER SANTIAGO,**

        **Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. # 251.

## PRELIMINARY STATEMENT

The defendant, Javier Santiago, is charged in counts 4 and 9 of a 13 count indictment against 23 defendants with conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of a mixture and substance containing cocaine and a mixture and substance containing marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(D), in violation of Title 21 United States Code Section 846; and use and maintenance of the premises at 370 Grove Street for the purpose of manufacturing, distributing and using cocaine, in violation of Title 21, United States Code, Section 856(a)(1).  Dkt. #1.  The defendant also faces forfeiture of money pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p).  Dkt. #1.

The defendant filed an omnibus motion which joins in the motion of co-defendant Christopher Santiago (Dkt. #330), who has resolved this action by plea. Dkt. #336. The defendant also joins in the motions of co-defendant Julio Manuel De Leon Navarro. Dkt. #336. The government filed a response and request for reciprocal discovery. Dkt. #387. This Report, Recommendation and Order addresses defendant's motion to dismiss count 4 of the indictment and to suppress evidence obtained pursuant to Title III intercept orders.

## DISCUSSION AND ANALYSIS

**Duplicity**

Defendant argues that count 4 of the indictment is duplicitous because "it improperly alleges that the alleged conspiracy to distribute cocaine and the alleged conspiracy to distribute marijuana are co-extensive, when, in fact, the available evidence does not support that view." Dkt. #252-2, p.2.

" An indictment is duplicitous if it joins two or more distinct crimes in a single count." *United States v. Aracri*, 968 F.2d 1512,1518 (2d Cir. 1992). However, "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for [t]he conspiracy is the crime, and that is one, however diverse its objects." *Braverman v. United States*, 317 U.S. 49, 54 (1942) (internal quotation omitted). Thus, it is not improper for the government to allege in a single count that a drug conspiracy involved multiple illegal substances. *United States v. Murray*, 618 F.2d 892, (2d Cir. 1980) (cocaine and marijuana); *United States v. Morales*, 280 F. Supp.2d

262, 268 (S.D.N.Y. 2003) (collecting cases); *United States v. Benjamin*, 72 F. Supp.2d 161, 173 (W.D.N.Y. 1999) (conspiracy to possess and distribute crack cocaine, cocaine and marijuana not duplicitous). Count 4 of the indictment charges the defendants with a conspiracy in violation of Title 21, United States Code, Section 846,

> to possess with intent to distribute, and to distribute, five (5) kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance, and a mixture and substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(D).

As there is nothing improper about charging a single conspiracy involving multiple illegal substances, it is recommended that defendant's motion to dismiss be denied.

**Suppression of Communications Intercepted by Wiretap**

Defendant relies upon the government's allegations of interception to establish standing to argue that the Title III intercept orders were overbroad; the application failed to demonstrate necessity; the application failed to establish probable cause to believe that pertinent conversations would be intercepted over the target telephones; and the intercepted communications were not properly minimized. Dkt. #330, pp.28-29.

Standing

18 U.S.C. § 2518(10)(a) permits any aggrieved person to move to suppress the contents of any intercepted communication on the ground that the communication was unlawfully intercepted; the order approving interception was insufficient on its face; or the interception was not made in conformity with the

interception order.  An "aggrieved person" is defined as "a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed."  18 U.S.C. § 2510(11).  This provision "is to be construed in accordance with standing requirements usually applied to suppression claims under the fourth amendment."  *United States v. Gallo*, 863 F.2d 185, 192 (2d Cir. 1988), *cert. denied*, 489 U.S. 1083 (1989).  As defendant Javier Santiago was a named target and interceptee on the Title III interception orders docketed as 09-MR-88 and 09-MR-103, he has demonstrated standing to move against the intercept orders.

Overbreadth

Defendant's allegation that "the warrants are impermissibly overbroad" is contradicted by the terms of the electronic intercept order, which clearly delineates the target telephone and the nature of the communications which may be intercepted.  Accordingly, it is recommended that this aspect of defendant's motion to suppress be denied.

Probable Cause

18 U.S.C. § 2518(3) permits a federal court

> to authorize interception of oral or wire communications if it determined, on the basis of facts submitted by the applicant, that there was probable cause to believe (a) that the individual was committing, had committed, or was about to commit an offense enumerated in 18 U.S.C. § 2516, (b) that particular communications concerning that offense would be obtained through such interception, and © that the facilities to be surveilled were being used or were about to be used in connection with the commission of such an offense.  The standard of probable cause is the same as the standard for

> a regular search warrant, and a reviewing court will defer to
> the issuing court's determination that there was probable
> cause as long as there existed a substantial basis for a . . .
> judge to conclude that a search would uncover evidence of
> wrong-doing.

*United States v. Biaggi*, 853 F.2d 89, 95 (2d Cir. 1988) (internal quotations and citations omitted), *cert. denied*, 489 U.S. 1052 (1989).  Thus, a determination of probable cause is based upon the totality of the circumstances, *to wit*, "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that . . . evidence of a crime will be found . . . ." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Upon review of the affidavits in support of the applications for intercept orders, the Court is satisfied that there is probable cause to believe that interception of communications over the target telephone would produce evidence of drug crimes. Accordingly, it is recommended that this aspect of defendant's motion to suppress be denied.

Necessity

In accordance with 18 U.S.C. § 2518(1)©, each application for an order authorizing or approving the interception of a wire, oral, or electronic communication must include

> a full and complete statement as to whether or not other
> investigative procedures have been tried and failed or why
> they reasonably appear to be unlikely to succeed if tried or
> to be too dangerous.

"[G]eneralized and conclusory statements that other investigative procedures would prove unsuccessful" will not satisfy the statute. *United States v. Lilla*, 699 F.2d 99, 104 (2d Cir. 1983). However, the government is not required to wait until "all other possible means of investigation have been exhausted by investigative agents; rather, they only require that the agents inform the authorizing judicial officer of the nature and progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods." *United States v. Torres*, 901 F.2d 205, 231 (2d Cir.), *cert. denied*, 498 U.S. 906 (1990), *quoting United States v. Vazquez*, 605 F.2d 1269, 1282 (2d Cir.), *cert. denied*, 444 U.S. 1019 (1979).  Moreover, in reviewing a decision issuing an intercept order, it is not appropriate for the Court "to make a *de novo* determination of the sufficiency of the application," but only "to decide if the facts set forth in the application were minimally adequate to support the determination that was made." *United States v. Diaz*, 176 F.3d 52, 109 (2d Cir.), *cert. denied by Rivera v. United States*, 528 U.S. 875 (1999) (internal quotation omitted).  Recognizing the difficulty of successfully utilizing traditional law enforcement methods to surveil complex criminal operations involving large conspiracies, the Court of Appeals for the Second Circuit has adopted a practical, commonsense approach to such determinations.  *United States v. Concepcion*, 579 F.3d 214, 218 (2d Cir. 2009).

As in *Torres*, the defendant's claim that traditional law enforcement methods had proven successful and could continue to advance the investigation, thereby negating the need for interception of electronic communications, is unpersuasive. Giving proper deference to Chief Judge Skretny's review and acceptance

of the extensive affidavits of Special Agent John A. Yervelli, Jr. and Special Agent Jason E. Galle in support of the applications for the intercept orders and continuation thereof, it is concluded that Chief Judge Skretny properly found that conventional investigative techniques had been tried and failed and that alternatives to wire interception would be unlikely to succeed or would be too dangerous, thereby necessitating the intercept orders and extensions thereto.  Accordingly, it is recommended that this aspect of defendant's motion to suppress be denied.

Minimization

Only a person with a possessory or proprietary interest in the device being intercepted has standing to contest the minimization procedures employed by law enforcement agencies.  *See United States v. Ruggiero*, 928 F.2d 1289, 1303 (2d Cir.) ("doubtful that defendants had standing to raise a minimization challenge to wiretaps on phones not in their residences even though many of the challenging defendants were named targets of the wiretap orders), *cert. denied sub nom Gotti v. United States*, 502 U.S. 938 (1991); *United States v. Fury*, 554 F.2d 522, 526 (2d Cir.) (defendant Fury did not have standing to raise the issue of improper minimization because it was not defendant's phone that was tapped and the failure to minimize the conversations intercepted is an invasion of privacy as to the owner of the phone that was tapped, not defendant), *cert. denied,* 433 U.S. 910 (1977).  As neither of the wiretap orders were directed to defendant's telephone, defendant lacks standing to challenge the minimization of calls with respect to that telephone.  Therefore, it is recommended that this aspect of  defendant's motion to suppress be denied.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1), that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  See, e.g., *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and

the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**


DATED:	Buffalo, New York
	June 15, 2012


      *s/ H. Kenneth Schroeder, Jr.*
      **H. KENNETH SCHROEDER, JR.**
      **United States Magistrate Judge**